IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| THOMAS DANIEL VEITCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO. 2:21-cv-471-ECM |
| | ) | (WO) |
| WANDA LIGHTNER, WARDEN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is the *pro se* Plaintiff's motion for emergency restraining order (doc. 3) filed on July 13, 2021. In his motion, the Plaintiff

> request[s] for a[n] emergency restraining order to be placed on him in fear of defendants in their poisition (sic), authority and power will retaliate against "Veitch" He ask that defendants wont cause any mentally or physical harm to him and will not transfer him.

(*Id.*).

The motion for a temporary restraining order (doc. 3) is due to be denied, and the case will be referred to the Magistrate Judge for further proceedings.

A temporary restraining order should issue only where the moving party demonstrates (1) that there is a substantial likelihood of success on the merits, (2) that the temporary restraining order is necessary to prevent irreparable injury, (3) that the threatened injury outweighs the harm the temporary restraining order would cause to the nonmoving party, and (4) that the temporary restraining order would not be adverse to the

public interest. *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034–35 (11th Cir. 2001).

Furthermore, under Rule 65 of the Federal Rules of Civil Procedure, a temporary restraining order may issue without notice to the nonmoving party only if (a) specific facts in an affidavit or verified complaint show that the moving party will suffer immediate and irreparable injury before the adverse party can be heard, and (b) the moving party certifies in writing any efforts made to notify the nonmoving parties and the reasons notice should not be required. Fed. R. Civ. P. 65(b)(1).

The Plaintiff has not met Rule 65(b)(1)'s requirements. The Plaintiff does not allege any concrete facts to support a finding that a temporary restraining order is necessary to prevent immediate and irreparable injury before the Defendants can be heard in opposition. Second, the Plaintiff has not submitted the certification required by Rule 65(b)(1)(B). Because the motion fails scrutiny under Rule 65(b)(1), it is not necessary to analyze the *Parker* elements.

Accordingly, it is

ORDERED that Plaintiff's motion for a temporary restraining order (doc. 3) is DENIED. It is further

ORDERED that this case is referred to the Magistrate Judge for further proceedings.

Done this 13th day of July, 2021.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE